

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **TYIESHA WINSTON,** | ) |
| **Plaintiff,** | ) |
| v. | ) **CIVIL ACTION NO.:** |
| **SMP AUTOMOTIVE,** | ) |
| **Defendant.** | ) |

### DEFENDANT SMP AUTOMOTIVE SYSTEMS ALABAMA INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a), (c) and § 1446, Defendant SMP Automotive Systems Alabama Inc.[1] ("SMP" or "Defendant") hereby files this Notice of Removal of this action from the Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the Northern District of Alabama, Western Division, on the grounds that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). Removal is proper based on the following:

### I. Introduction.

1.  Plaintiff Tyiesha Winston commenced this action by filing a Complaint on February 9, 2022, in the Circuit Court of Tuscaloosa County, Alabama, Docket case number CV-2022-33 (the "State Court Action").

---

[1] Plaintiff incorrectly identifies SMP Automotive Systems Inc. as "SMP Automotive."

47910378 v1.doc

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court file, including all pleadings, process, and orders served upon SMP from the State Court Action is attached as **Exhibit A**.

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims in this case arise "under the Constitution, laws, or treaties of the United States."

## II. Procedural Requirements.

4. Plaintiff served SMP with the Summons and Complaint on April 28, 2022. As such, this Notice of Removal is timely filed within thirty days after service of the Complaint setting forth Plaintiff's claims under 28 U.S.C. § 1446(b).

5. No prior application has been made for the relief requested herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) in that the United States District Court for the Northern District of Alabama, Western Division is the district and division embracing the place where this action is pending in state court.

7. Written notice of the filing of the Notice of Removal is being served upon Plaintiff (attached as **Exhibit B**), and a copy of this Notice of Removal will be filed with the Circuit Court of Tuscaloosa County, Alabama as provided by 28 U.S.C. § 1446(d).

8. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

9. This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil procedure.

### III. Federal Question Jurisdiction Exists Over This Action.

10. Defendant can remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 because Plaintiff's claims that SMP subjected her to unlawful adverse employment action "arise under" the Americans with Disabilities Act ("ADA"). In her Complaint, Plaintiff alleges that SMP subjected her to discrimination based on her alleged medical condition(s) and retaliation. Specifically, among other things, Plaintiff alleges "everything was a retaliation and discrimination due to the fact they wanted me gone because of my appointments for my anxiety." *See* Exh. A. Although Plaintiff does not expressly mention the ADA, district courts have found

that federal question jurisdiction exists where a complaint's allegations make clear the plaintiff is invoking federal claims. *See Cork v. Unitrin, Inc.*, 2002 U.S. Dist. LEXIS 28175, at *4-5 (E.D. La. June 4, 2002) (denying motion to remand and finding that "although plaintiff does not specifically mention a federal statute, it is clear on the face of her petition that she is asserting claims for race discrimination that are informed by federal law"). Furthermore, Plaintiff filed a charge alleging disability discrimination under the ADA with the Equal Employment Opportunity Commission ("EEOC") against SMP prior to filing the instant lawsuit, *see* **Exhibit C**, and Alabama state law does offer a private cause of action for discrimination based a personal medical condition. *See Davis v. Vesta Fire Ins. Corp.*, 1996 WL 774530, at *4-5 (S.D. Miss. Aug. 29, 1996) (denying motion to remand because plaintiff made discrimination claims available only under federal law and not Mississippi state law); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (affirming district court's denial of remand because complaint presented federal question where it sought relief only available under federal law).

12. Removal of the State Court Action to this Court is permissible under 28 U.S.C. §1441(a).

### IV. Adoption and Reservation of Defenses

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of SMP's rights to assert any defenses or affirmative defenses,

including those under available under Alabama law and/or Federal Rule of Civil Procedure 12, or SMP's right to move for dismissal, on substantive or procedural grounds, of any cause of action asserted in the Complaint.

14. To the extent remand is sought by Plaintiff or visited by the Court, SMP respectfully requests the opportunity to brief the issues and submit additional arguments and evidence.

15. SMP reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

**WHEREFORE,** SMP prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the Northern District of Alabama, Western Division.

Respectfully submitted,

/s/ signature

R. Scott Williams (WIL379)
H. Carlton Hilson (HIL072)
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
E-mail: chilson@burr.com
E-mail: scwilliams@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by U.S. First Class Mail on this the 25th day of May, 2022:

>Tyiesha Winston
>800 31st. Street Apt. 306
>Tuscaloosa, Alabama 35401

_____
OF COUNSEL